UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VIRGINIA LUDWIG,

                              Plaintiff,

v.

                                              Case # 16-CV-256-FPG

NANCY A. BERRYHILL,[1] ACTING
COMMISSIONER OF SOCIAL SECURITY,

                              DECISION AND ORDER

                              Defendant.

Virginia Ludwig ("Ludwig" or "Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied her applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 9, 17. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

On October 31, 2012, Ludwig protectively applied for DIB and SSI with the Social Security Administration ("the SSA"). Tr. 150-57.[2] She alleged that she had been disabled since April 30, 2011, due to arthritis, rheumatoid arthritis, migraines, high cholesterol, a heart attack, bilateral tendonitis, acid reflux, and depression. Tr. 197. On July 29, 2014, Ludwig and a

---

[1]      Nancy A. Berryhill is now the Acting Commissioner of Social Security and is therefore substituted for Carolyn W. Colvin as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).
[2]      References to "Tr." are to the administrative record in this matter.

1

vocational expert ("VE") testified at a video hearing before Administrative Law Judge David J. Begley ("the ALJ"). Tr. 28-55. On November 3, 2014, the ALJ issued a decision finding that Ludwig was not disabled within the meaning of the Act. Tr. 12-22. On February 4, 2016, the Appeals Council denied Ludwig's request for review. Tr. 1-6. Thereafter, Ludwig commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial

2

gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

**I. The ALJ's Decision**

The ALJ's decision analyzed Ludwig's claim for benefits under the process described above. At step one, the ALJ found that Ludwig had not engaged in substantial gainful activity since the alleged onset date. Tr. 14. At step two, the ALJ found that Ludwig has the following severe impairments: degenerative disc disease of the lumbar spine, degenerative joint disease of the right hip, carpal tunnel syndrome on the right side and to a lesser extent on the left side, and adjustment disorder with depression and anxiety. Tr. 15. At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal an impairment in the Listings. Tr. 15-16.

Next, the ALJ determined that Ludwig retained the RFC to perform light work[3] with additional limitations. Tr. 16-20. Specifically, the ALJ found that Ludwig cannot climb ladders, ropes, or scaffolds; can occasionally stoop, crouch, crawl, bend, and kneel; can frequently handle and finger bilaterally; must avoid slippery and uneven surfaces, hazardous machinery, and unprotected heights; is limited to simple, routine, and repetitive tasks involving only simple work related decisions with few if any work place changes; and can occasionally interact with coworkers and supervisors but cannot regularly interact with the general public. Tr. 16-17.

At step four, the ALJ relied on the VE's testimony and found that this RFC prevents Ludwig from performing her past relevant work as a food assembler. Tr. 20. At step five, the ALJ relied on the VE's testimony to determine that Ludwig can adjust to other work that exists

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b).

4

in significant numbers in the national economy given her RFC, age, education, and work experience. Tr. 21-22. Specifically, the VE testified that Ludwig could work as an office helper, table worker, or routing clerk. Tr. 21. *Id.* Accordingly, the ALJ concluded that Ludwig was not "disabled" under the Act. Tr. 22.

**II.     Analysis**

Ludwig argues that remand is required because the ALJ's RFC assessment is not supported by substantial evidence.[4] ECF No. 9-1, at 13-18. Specifically, Ludwig asserts that the ALJ erred when he failed to conduct a function-by-function assessment of her ability to perform the physical requirements of light work. *Id.* The Court agrees.

"The Act's regulations require that the ALJ include in his RFC assessment a function-by-function analysis of the claimant's functional limitations or restrictions and an assessment of the claimant's work-related abilities on a function-by-function basis." *Palascak v. Colvin*, No. 1:11-CV-0592 (MAT), 2014 WL 1920510, at *10 (W.D.N.Y. May 14, 2014) (quotation marks and citation omitted). This means that "the ALJ must make a function by function assessment of the claimant's ability to sit, stand, walk, lift, carry, push, pull, reach, handle, stoop, or crouch, based on medical reports from acceptable medical sources that include the sources' opinions as to the claimant's ability to perform each activity." *Knighton v. Astrue*, 861 F. Supp. 2d 59, 66 (N.D.N.Y. 2012) (citations omitted); 20 C.F.R. §§ 404.1513(a), 404.1569a(a), 416.913(a), 416.969a(a). Thereafter, "[t]he claimant's RFC can be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." *Id.* (citation omitted).

Remand is not required, however, simply because the ALJ failed to conduct an explicit function-by-function analysis. *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The ALJ's

---

[4]     Ludwig advances other arguments that she believes warrant reversal of the Commissioner's decision. ECF No. 9-1, at 18-29. However, because the Court disposes of this matter based on the improper RFC determination, those arguments need not be reached.

RFC determination may nonetheless be upheld when his or her analysis "affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence such that additional analysis would be unnecessary or superfluous." *Id.* "Remand may be appropriate, however, where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* at 177-78 (citation omitted).

Here, the ALJ determined that Ludwig retained the RFC to perform light work with additional restrictions, but he did not provide a function-by-function analysis. Tr. 16-20. The opinion of consultative examiner Karl Eurenius, M.D. ("Dr. Eurenius") was the only assessment in the record as to Ludwig's physical functional capacity. Dr. Eurenius merely opined that Ludwig is "moderately limited in bending, lifting, and carrying due to chronic low back pain. She is mildly limited in handling objects with her right hand due to carpal tunnel symptoms." Tr. 344.

The ALJ afforded "very good weight" to Dr. Eurenius's opinion, and the ALJ limited Ludwig to occasional bending and frequent handling and fingering bilaterally in accordance with that opinion. Tr. 16, 18. The ALJ also determined, however, that Ludwig could not climb ladders, ropes, or scaffolds, could occasionally stoop, crouch, crawl, and kneel, and must avoid slippery and uneven surfaces, hazardous machinery, and unprotected heights. *Id.* It is unclear how the ALJ, who is not a medical professional, arrived at these very specific RFC determinations by solely relying on Dr. Eurenius's vague opinion. *See Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("[J]udges, including administrative law judges of the [SSA], must be careful not to succumb to the temptation to play doctor.").

Further, the record lacks any medical opinion as to Ludwig's capacity to sit, stand, walk, push, and pull, which are necessary activities for light work. *See* 20 C.F.R. §§ 404.1567(b), 416.967(b). This is problematic because "an ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (alterations and citation omitted). Moreover, Ludwig's written submissions and testimony indicate that her impairments interfere with her ability to sit, stand, and walk. Ludwig noted in a Function Report, for example, that standing and walking "hurt a lot" and that she can sit for 30 minutes at a time on a "good day" and five to ten minutes at a time on a "bad day." Tr. 215-16. She also testified at her hearing that sitting, standing, and walking all increase her pain. Tr. 42.

The remainder of the ALJ's RFC analysis summarizes the medical record without tying that evidence to the physical demands of light work. Tr. 16-20. This evidence, which contains complex medical findings like MRI and x-ray results, does not permit the ALJ to render a common sense judgment about Ludwig's functional capacity. Without a function-by-function assessment relating this evidence to the physical demands of light work (20 C.F.R §§ 404.1567(b), 416.967(b)) or reliance on a medical source's opinion, the ALJ's decision leaves the Court with many unanswered questions and does not afford an adequate basis for meaningful judicial review. Accordingly, the Court finds that the ALJ's RFC assessment is not supported by substantial evidence and that remand is required.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 9) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 17) is DENIED, and this

matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g).  *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000); 42 U.S.C. § 1383(c)(3).  The Clerk of Court is directed to enter judgment and close this case.

    IT IS SO ORDERED.

Dated: June 12, 2017
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court